**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| Nancy Jo Godfrey, ) | Case No. 2:23-BK-01370-FMD |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |

**CREDITOR KIMBERLY WHELPLEY'S RESPONSE TO DEBTOR NANCY JO GODFREY'S OBJECTION TO KIMBERLY WHELPLEY'S AMENDED PROOF OF CLAIM [NO. 21-3]**

Creditor Kimberly Whelpley, by and through its undersigned counsel, hereby responds to Debtor Nancy Jo Godfrey's Objection to her Proof of Claim filed on June 4, 2025 [ECF No. 74]. Debtor's objection is tardy, and it fails to establish any evidence that vitiates any aspect of Ms. Whelpley's claim [Claim No. 21-3]. For the foregoing reasons, Debtor's objection should be denied in its entirety and this Court should grant such other and further relief as it deems appropriate under the circumstances:

**I.    Debtor's Objection Is Late.**

Ms. Whelpley filed her Proof of Claim on January 23, 2024. [Claim No. 21-3]. Ms. Whelpley's claim was timely filed before the claims bar date of January 24, 2024. [ECF No. 6]. The first and only objection Debtor filed to Ms. Whelpley's claim was filed on June 4, 2025. [ECF No. 74]. This was long past the deadline established by this Court to assert objections to claims.

Pursuant to Court's Administrative Order Prescribing Procedures for Chapter 13 Cases filed on or After August 1, 2020 [ECF No. 5], a party objecting to a creditor's claim is required to submit their objection within 28 days of the claims bar date or within 14 days of an amended proof of claim. [ECF No. 5 at ¶ 15] ("Deadline for Filing Objections to Claims. Debtor shall file objections to any claims that Debtor seeks to have disallowed, in whole or in part, no later than 28

days after the claims bar date or 14 days after the filing of an amended proof of claim.") (emphasis in original). Debtor indisputably failed to meet either of these deadlines prescribed by the Court. The latest date that Debtor could object to Whelpley's claim, per this Court's directive, was either February 6, 2024 (14 days after Whelpley's Amended Proof of Claim was filed) or February 21, 2024 (28 days after the claims bar date). Debtor failed to comply with either of these deadlines, filing her objection over a year, 469 days to be exact, after these deadlines passed.

This Court's applicable Administrative Order gives fair notice to Debtor and Debtor's counsel of the ramifications of failing to timely comply with the Court's requirements:

> Debtor's failure to timely make payments to the Chapter 13 Trustee (the "Trustee") or to comply with any of the other requirements of this Order may result in dismissal or conversion of the case.

. . .

  17. Duties of Debtor's Attorney and Payment of Attorney's Fees. . . . **If Debtor's attorney fails to timely and completely file these disclosures or to comply with all requirements in this Order, the Court may order a reduction in the amount of attorney's fees requested or the disgorgement of fees.**

. . .

  25. **Default.  If Debtor fails to make payments to the Trustee when due or fails to timely comply with any of the requirements of this Order, the case may be dismissed or converted to a case under Chapter 7 of the Bankruptcy Code upon motion by the Trustee or a party in interest.**

[ECF No. 5 at p. 1, p. 6 ¶ 17, p. 8 ¶ 25] (emphasis in original). There is no excuse for Debtor's failure to timely object to Ms. Whelpley's claim. While none of the grounds Debtor asserts are supported, they all existed at the time the objections came due. Ms. Whelpley asks that this Court enforce its Order by denying Debtor's objection in its entirety, convert or dismiss Debtor's case, and/or impose any other sanctions the Court deems appropriate.

II. **Debtor's Objection Lacks Merit.**

Debtor's objection should also be dismissed because Debtor's boilerplate objection on this claim (and others) fails to overcome the Debtor's burden of proof. "The burden of proof is on an objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim.'" In re Winn-Dixie Stores, Inc., 418 B.R. 475, 476 (Bankr. M.D. Fla. 2009) (internal citation omitted). An objecting party must "produc[e] **specific and detailed allegations** that place the claim into dispute, by the presentation of legal arguments based upon the contents of the claim and its supporting documents . . . in which evidence is presented to bring the validity of the claim into question." In re Thornburg, 596 B.R. 766, 770 (Bankr. M.D. Fla. 2018) (internal citation and quotation omitted) (bold added).

As an initial matter, Debtor fails to cite any legal authority to support her contentions. Debtor objects on the following grounds:

> 1. This claim is asserted as an unsecured claim.
>
> 2. The claim is unenforceable as a claim against the Debtor, Nancy Godfrey, or property of Nancy Godfrey, under any agreement or applicable law.
>
> 3. The claim is unenforceable against the Debtor because the obligation is an obligation of Coastal Safety Products, Coastal Resource Staffing and/or Edgar Godfrey only.

[ECF No. 74].[1] None of these allegations place Ms. Whelpley's claim in dispute and they significantly fall short of "legal arguments based upon the contents of [Creditor's] claim and its supporting documents." In re Thornburg, 596 B.R. at 770.

---

[1] These objections do not contain "specific and detailed allegations" when they are almost verbatim the same language used by the Debtor to object to the other Creditors' claims. In re Thornburg, 596 B.R. at 770 (internal citation and quotation omitted); see [ECF Nos. 63-67, 71, 72, 74-75].

Paragraph 1 lacks merit because Creditor's classification as an unsecured creditor is not grounds for objection per 11 U.S.C. § 502(b)(1)-(9). Paragraphs 2-3 also fall short of disproving Creditor's Proof of Claim. Paragraphs 2-3 establish little, if anything, to disallow Ms. Whelpley's Proof of Claim. In Ms. Whelpley's Claim No. 21-3, Ms. Whelpley alleges that Debtor herself engaged in conduct that would make her liable for the debts owed to CRS and/or Whelpley:

> While in de facto control of CRS, Mr. and/or **Mrs. Godfrey engaged in conduct** that was improper, illegal, and actionable, including the following (hereinafter referred to as the "Debtors' Actionable Conduct as it Relates to CRS"):
>
> a. Transferring CRS funds to Coastal Safety Products, LLC, a different company owned by Debtors;
>
> b. Funding distributions to themselves without equally funding distributions to Ms. Whelpley;
>
> c. Paying Mrs. Godfrey's credit card bills and insurance premiums with CRS funds;
>
> d. Representing that Mrs. Godfrey was an owner or member of CRS (when she was not);
>
> e. Using PPP funds for improper purposes;
>
> f. Improper management of CRS resulting of diminution of value in the company, and, ultimately, apparent insolvency of the entity;
>
> g. Failing to timely and properly pay vendors and employees and subjecting the company to liability;
>
> h. Failing to timely and properly prepare, distribute and/or generate tax documents, including W2s, K1s, and tax returns; and
>
> i. Failing to account to CRS or Kimberly Whelpley for effectively putting CRS out of business, for their inappropriate acts and omissions, and the loss of opportunities and going-concern business value.

*　*　*

> *However*, separate and above the damage Debtors caused Ms. Whelpley through her interest in CRS, Mr. and/**or Mrs. Godfrey** engaged in certain conduct that

  personally damaged Ms. Whelpley, including the following acts (hereinafter referred to as "Debtors' Actionable Conduct towards Ms. Whelpley"):

  a. Wrongfully terminating Ms. Whelpley from her employment at CRS;

  b. Defaming Ms. Whelpley;

  c. "Locking out" Ms. Whelpley from CRS's records and property, including her cell phone, forcing her to employ counsel and file suit to demand records to which she is entitled; and

  d. Willfully refusing to comply with discovery rules and court orders in litigation in South Carolina state court, resulting in additional legal fees and expenses.

[Claim No. 21-3 Part 2, at pp. 1-2] (bold emphasis added). Nothing in the Debtor's objections comes close to negating these allegations or explaining how Debtor is not liable for these debts under 11 U.S.C. § 502, and, as Debtor is intimately aware, she – a non-owner, employee – was effectively running things at CRS. She put her email address on PPP actions, caused the company to distribute thousands of dollars to her benefit, and restricted Whelpley's access to company property, accounts, and information.

  Debtor cannot avoid the facts of her involvement in CRS and the facts that money and property were misappropriated from the business by Debtor and her deceased husband. These facts are sufficient to support a claim against Debtor. See, e.g., In re Nahabedian, 87 B.R. 214 (Bankr. S.D. Fla. 1988) (finding a debt excepted from a spouse's discharge where the spouse knowingly participated and assisted the other spouse in misappropriating the creditor's money for the purchase of new home, van, and antiques jointly by the couple).

  Therefore, since these objections do not undermine any aspect of Claim No. 21-3 through any factual or legal authority, they should be dismissed.

## **CONCLUSION**

Debtor's objection to Claim No. 21-3 should not be allowed because it was submitted over a year after this Court's prescribed deadline. Additionally, Debtor's objection should be disregarded because it is boilerplate and fails to state any factual or legal basis for disallowing Ms. Whelpley's Proof of Claim. Debtor and her counsel have continuously engaged in conduct that falls short of their duty of good faith by repeatedly ignoring this Court's rules and directives, failing to produce documents and discovery responses, and have attempted to make this Bankruptcy Proceeding a war of attrition rather than a chance for a fresh start. For the above-mentioned reasons, Creditor respectfully asks the Court to deny Debtor's Objection to Proof of Claim No. 21-3, in its entirety, and grant any other relief this Court sees fit.

Respectfully submitted,

*/s/ Jennifer S. Ivey*
**Jennifer S. Ivey (Fla. Bar No. 116192)**
Direct: (843) 727-2216
Email: Ivey@WGLFIRM.com

**WALKER GRESSETTE & LINTON, LLC**
Mail: P.O. Drawer 22167, Charleston, SC 29413
Office: 66 Hasell Street, Charleston, SC 29401
Phone: (843) 727-2200

***Counsel for Creditors Kimberley Whelpley and Coastal Resource Staffing, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 21-3 will be served via CM/ECF on July 3, 2025, on:

Chapter 13 Trustee
Jon M. Waage
P.O. Box 25001
Bradenton, FL 34206-5001

Benjamin G. Martin

3131 S. Tamiami Trail, Suite 101
Sarasota, FL 34239

And will be served via U.S. Mail on July 3, 2025 on:

Nancy Godfrey
510 Via Cintia
Punta Gorda FL 33952

United States Trustee
501 E. Polk Street, Suite 1200
Tampa, Florida 33602

                                                            */s/ Jennifer S. Ivey*
                                                           Jennifer S. Ivey